IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY S. CONOVER,

    Plaintiff,

v.

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM,

    Defendant.

No. C 12-06480 WHA

**ORDER GRANTING
MOTION TO DISMISS**

## INTRODUCTION

In this FOIA action, defendant moves to dismiss plaintiff's complaint. For the reasons stated below, defendant's motion is **GRANTED**.

## STATEMENT

In November 2012, pro se plaintiff Jeffrey S. Conover faxed a request for information to the Freedom of Information Office of the Board of Governors of the Federal Reserve System (Compl., Exh. 1). The short request was as follows:

> I ask for all the benefits of the Freedom of Information Act for determining if the Federal Reserve was the transferrer [sic] of funds drawn from a USBank [sic] account and deposited in a Bank of America account — transactions involving two stolen student loan checks from the College of Siskiyous in Weed[,] California during the 2009–2010 college years. Were the checks deposited in the Payee's bank account?[] I will provide copies of each check.[] Did the Federal Reserve know they were stolen? Thank you[.]

1 *Ibid.* Plaintiff also appended copies of the checks of which he sought information, as well as
2 copies of correspondence with various federal entities (including the Office of the Inspector
3 General of the Board of Governors of the Federal Reserve System and the Federal Reserve
4 Consumer Help Center). According to the emails, it appears those entities referred plaintiff to
5 either local police or the Consumer Financial Protection Bureau. With its motion to dismiss,
6 defendant includes a declaration, a copy of plaintiff's fax, and a copy of its alleged response to
7 the fax. In that letter, the Deputy Secretary of the Board and Ombudsman informed plaintiff
8 that because his inquiry was not properly posed as a FOIA request, it was not treated as such
9 (Caperton Decl., Exh. B). Furthermore, the letter stated:

> [T]he Board does not maintain information or records regarding stolen student loan checks and would also not have records of deposits in Bank of America. Thus, we would not have the information you seek. If you believe that your student loan checks were stolen or misappropriated, we encourage you to contact your local police department. If you believe that Bank of America, N.A., was responsible for your loss, you may wish to contact the Office of the Comptroller of the Currency ("OCC"), which regulates that bank.

15 *Ibid*. Plaintiff then filed this action, asking for $275,000 in damages and an order requiring the
16 Board of Governors of the Federal Reserve System to determine what account was "credited
17 with the funds" from the checks.

18 Defendant filed a motion to dismiss on subject-matter jurisdiction grounds. In March
19 2013, plaintiff was ordered to show cause why he failed to file an opposition or statement of
20 non-opposition to defendant's motion (Dkt. No. 19). By April, plaintiff failed to respond to
21 defendant's motion or the March order, and a second order to show cause issued (Dkt. No. 22).
22 Plaintiff eventually responded to defendant's motion on April 16, and argued that he "need[ed]
23 more time to receive information regarding the yet unproven legal standing of [defendant's
24 counsel] and whether or not [defendant's counsel] is practicing law legally[]" (Dkt. No. 23).
25 Plaintiff then asked the Court to "disregard any motion to dismiss as a crime if the court has any
26 information proving [defendant's counsel] is practicing law illegally[]" (*ibid.*). Having reviewed
27 the parties' submissions, this order now turns to analyze defendant's motion.

2

# ANALYSIS

## 1. LEGAL STANDARD.

Federal courts are of limited jurisdiction and are presumptively without jurisdiction over civil actions — the burden of establishing jurisdiction is on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3).

## 2. SUBJECT-MATTER JURISDICTION.

### A. Plaintiffs Must Exhaust Administrative Remedies Before Seeking Judicial Review.

Under FOIA, a district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. 552(a)(4)(B). Prior to judicial review, however, "[e]xhaustion of a [complainant's] administrative remedies is required under the FOIA[.]" *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) (citations omitted). The undersigned judge previously ruled that "[p]rior to instituting suit . . . the complainant must request specific information from the agency in accordance with published administrative procedures, have the request improperly refused, file an administrative appeal and present proof that she or he exhausted all administrative remedies." *Olsen v. U.S. Dep't of Transp. Fed. Transit Admin.*, No. 02-0673, 2002 WL 31739794 (N.D. Cal. Dec. 2, 2002) (citation omitted). Failure to exhaust those administrative remedies serves as a jurisdictional bar to judicial review. *In re Steele*, 799 F.2d at 466. Moreover, the FOIA requires only that records in existence be produced (upon presentation of a proper request); it does not require the agency to conduct an investigation and then to write a report.

### B. Plaintiff Failed To Exhaust Here.

In 12 C.F.R. 261.12, defendant has published regulations that describe how to appropriately file a FOIA request. "A request for identifiable records shall reasonably describe the records in a way that enables the Board's staff to identify and produce the records with reasonable effort and without unduly burdening or significantly interfering with any of the

3

1 Board's operations." 12 C.F.R. 261.12(b)(1). Plaintiff only appends to his complaint copies of a few checks, communication he sent to various federal agencies, and a several of their replies. His original request for information does not follow defendant's published administrative procedures; instead, it effectively asks defendant to investigate plaintiff's allegations for him. Moreover, none of the other documents plaintiff appended to his complaint present proof that he exhausted his administrative remedies. Nor does plaintiff present any such proof in response to defendant's motion. Therefore, this order finds plaintiff failed to meet the burden of affirmatively demonstrating that subject-matter jurisdiction is proper here.

### 3. DIVERSITY JURISDICTION.

Plaintiff also alleged diversity jurisdiction in his complaint. 28 U.S.C. 1332 confers diversity jurisdiction to federal courts. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. 1332(a)–(a)(1). Our court of appeals, however, has ruled that an agency of the federal government is not a citizen of a state for diversity purposes. *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974). Thus, the Board of Governors of the Federal Reserve System is not a citizen of any state for diversity purposes, and diversity jurisdiction is not proper here. FOIA jurisdiction would be proper, but no proper FOIA claim has been presented.

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss is **GRANTED**. Leave to amend would be futile here and plaintiff's complaint is **DISMISSED WITH PREJUDICE.** Judgment will be entered for defendant. This order does not preclude plaintiff from properly filing a new FOIA request with defendant.

**IT IS SO ORDERED.**

Dated: May 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4